### THE PACIFIC.

### McAVOY v. CAMDEN SHIPBUILDING CO.

(Circuit Court of Appeals, Third Circuit. February 3, 1921.)

No. 2613.

**Wharves ⬤⟲20(2)—Dock owner held not negligent toward vessel entering without invitation.**

A shipbuilding company, owning a dock in which it had a marine railway for the repair of vessels, is not liable for damages to a tug entering the dock, without invitation, to render assistance to a vessel in another dock, and which fouled her propeller on a sunken wire cable used to moor a vessel undergoing repairs, since, in the absence of an invitation to enter the dock, the owner owed no duty to warn the vessel of the presence of the cable.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Libel by P. W. McAvoy, owner of the tug Pacific, against the Camden Shipbuilding Company. Decree dismissing the libel (266 Fed. 710), and libelant appeals. Affirmed.

Willard M. Harris, of Philadelphia, Pa., for appellant.

Howard M. Long, of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the defendant, a shipbuilding company, had three docks on the Delaware river at Camden, N. J. In these it placed vessels in course of repair. In one of the slips was the steam tug Ogontz, the repairs on which had been completed by defendant. Thereupon the Ogontz engaged the plaintiff's tug Pacific to come and furnish the steam pressure needed in a government inspection. On approaching the slip where the Ogontz was lying, the Pacific found access to her was barred by other craft, and she entered the adjoining slip of the defendant, in which was a marine railway, on which the ferryboat Delaware was then lying for repairs. Having so entered the slip and landed on the side nearest the Ogontz, and having failed in an effort to carry steam by hose over to the Ogontz, the Pacific attempted to leave the dock. In doing so her propeller picked up a sunken wire cable by which the Delaware was moored to the wharf, and thereby suffered the injuries for recovery of which this suit was brought.

The court below found, and our study of the record satisfies us its findings are right, that:

"The tug received no warning or notice of the presence of the cable, and had no previous knowledge of the danger of making the landing. It entered the slip, however, without inquiry of whether it was safe to use. Workmen employed by the respondent were engaged at work at the end of the adjoining slip, and called to the tug to give warning of the danger in using the slip. The warning, however, did not reach the tug. No notice was given by the tug of its intention to use the slip, and the respondent had no knowledge of such intended use."

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Its conclusion of law was that:

"In the absence of knowledge that the libelant tug intended to use the slip, there was no legal duty on the part of the respondent to give warning of the presence of the cable."

And it dismissed the bill. In so doing, we find no error. The Pacific knew the dock in question was not used in general navigation, but was a private one; that the dock was equipped with a marine railway, used only for repairs; and that the dock might have obstructions which, while not dangerous to vessels at rest for repairs, might be dangerous to navigating ones.

Without, therefore, making any inquiry as to the possibility or presence of obstructions, without any examination, without any invitation, and in pursuance of its own purposes, the Pacific entered the dock, and in getting out suffered an injury, the direct and immediate cause of which was its own presence in the dock under the circumstances noted. We find no negligence on the part of the defendant. The court found the defendant's workmen tried to signal the Pacific. That the warning was not effective was due to no fault of the defendant, and having given no invitation to the Pacific to enter, and having no reason to expect her to enter, the sunken mooring cable holding the Delaware during the repairs did not constitute negligence toward the Pacific.

Under its findings, the court's decree dismissing the bill was plainly the court's duty. Its decree is therefore affirmed.